IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUSTIN DALE CROGHAN, on behalf of himself and his two minor children represent, K.M.E.C and E.L.G., | ) ) ) ) | 4:14CV3238 |
| Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| JOHN BRUNNING, LIZ EBERLY, SHANNON ANDERSON, THOMAS PRISTOW, BYRON VANPATTEN, DENISE DREKE, PAUL D. MERRITT JR., PATRICIA A. LAMBERTY, W. MARK ASHFORD, DOUGLAS JOHNSON, JOE KELLY, JESSICA MURPHY, SAMUAL JOHN COOPER, TERRANCE A. POPPE, SCOTT VANDERSCHAFF, RYAN JOHN LEWIS, CHRISTOPHER A. PFANSTIEL, NEBRASKA STATE PATROL, NEBRASKA STATE PATROL, TOM MCCASLIN, and OMAHA POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Dustin Croghan ("Plaintiff") filed his Complaint on December 11, 2014. (Filing No. 1.) The Court gave Plaintiff leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff purports to bring this action on behalf of himself and his two minor children, K.M.E.C. and E.L.G. (Filing No. 1 at ECF 1.) He seeks injunctive relief and money damages for:

>acts such as conspiracy, retaliation, child abduction, and fraud under 42 U.S.C. §§ 1983 and 1988 as well as 31:3729 False Claims Act, RICO, Clearfied Doctrine, Stripping Doctrine, violation of human rights and constitutional laws and liberties as well as every other doctrine, law and act that the federal government is aware of that would apply after reading this complaint and affidavit.

(*Id.* at ECF 3.) Plaintiff named 21 Defendants, most of which are only mentioned in the caption of the Complaint.

Plaintiff's factual allegations consist of a rambling 15-page account of various events relating to the alleged abduction of his children. As best as the Court can tell, these events include Plaintiff's public and private encounters with state officials (including judges, court administrators, and county attorneys) and private lawyers involved in custody and child-support disputes between Plaintiff and the mother or mothers of Plaintiff's two children.

For relief in this matter, Plaintiff seeks an award of $4 million for himself, and $4 million for K.M.E.C. and E.L.G. Plaintiff also asks the Court to convene a grand jury to "investigate all cases and all parties involving [Plaintiff's] children for criminal acts committed against [him] and [his] children and for a protective order banning the state of Nebraska from contacting or violating [his] rights and liberties again." (Filing No. 1 at ECF 19.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff generally alleged Defendants (various state actors and private attorneys) conspired to abduct his children and violate his constitutional rights. To plead a claim for

civil conspiracy under 42 U.S.C. § 1983, a plaintiff must include factual allegations that show a "meeting of the minds" concerning the unconstitutional conduct. An express agreement between the alleged coconspirators need not be alleged; however, there must be something more than a summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (1993).

Here, Plaintiff has not made more than summary allegations of a conspiracy. Therefore, his Complaint does not state a claim upon which relief can be granted. On the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief.

Should Plaintiff choose to submit an amended complaint, he should keep the following in mind. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's allegations in his Complaint are muddled, conclusory, and include what appears to be extraneous and irrelevant information. In addition, most Defendants named in the caption of the Complaint are never mentioned in Plaintiff's factual allegations. To ensure a just and fair resolution of this case, any amended complaint must clearly set forth a short and plain statement of the claims against each defendant. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, how the

4

defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated. Accordingly,

    IT IS ORDERED:

    1.    Plaintiff shall have 30 days to file an amended complaint that states a claim upon which relief can be granted. This matter will be dismissed without prejudice and without further notice if Plaintiff fails to file an amended complaint in accordance with this order; and

    2.    The Clerk's Office is directed to set a pro se case management deadline in this matter: April 13, 2015: Check for amended complaint.

    DATED this 11th day of March, 2015.

    BY THE COURT:

    s/Laurie Smith Camp
    Chief United States District Judge